No. 108,207

In the Matter of CHRISTOPHER Y. MEEK, *Respondent.*

(315 P.3d 259)

On December 7, 2012, this court suspended the respondent Christopher Y. Meek, from the practice of law in Kansas for a period of 40 months. See *In re Meek*, 295 Kan. 1160, 289 P.3d 95 (2012). Additionally, the court provided that after 12 months of suspension, the court would stay the remaining 28 months of suspension and place respondent on probation. Also in its December 7, 2012, opinion the court ordered that respondent comply with Supreme Court Rule 218 (2013 Kan. Ct. R. Annot. 406) and respondent pay the costs of the proceedings.

On December 9, 2013, the respondent filed a petition with this court for reinstatement to the practice of law in Kansas. In the petition, respondent confirmed that he has complied with Supreme Court Rule 218 and paid the costs of the proceedings.

The court, after carefully considering the record, grants the respondent's petition for reinstatement, under the following terms and conditions of probation:

Abstinence. The respondent will remain abstinent from alcohol and all other mind-altering drugs, except medications prescribed by a medical doctor. In the event the respondent is prescribed a mind-altering drug by a medical doctor, the respondent will immediately inform the Executive Director of the Kansas Lawyers Assistant Program (KALAP), the KALAP monitor, and the Disciplinary Administrator. The respondent will execute appropriate releases so that the medical doctor may discuss the prescription of the medication with the Executive Director of KALAP, the KALAP monitor, and the Disciplinary Administrator. Beginning immediately, the respondent will provide the Disciplinary Administrator with a report regarding his compliance with this term of probation.

Aftercare. Previous to this suspension, the respondent completed inpatient treatment with Valley Hope in Atchison,

Kansas. Upon release from inpatient treatment, the treatment facility recommended that the respondent participate in aftercare. The respondent will execute appropriate releases so that Valley Hope may provide information to the Executive Director of KALAP, the KALAP monitor, and the Disciplinary Administrator. The respondent will continue participating in aftercare pursuant to the discharge recommendations. Beginning immediately, the respondent will provide quarterly reports to the Disciplinary Administrator regarding his compliance with the aftercare program recommended by Valley Hope.

Alcohol and Drug Evaluation. As a condition of the respondent's federal criminal probation, the respondent submitted to an alcohol and drug evaluation. Within 14 days of this order, the respondent will execute appropriate releases so that the Executive Director of KALAP, the KALAP monitor, and the Disciplinary Administrator may receive a copy of the report of the alcohol and drug evaluation. After the appropriate releases have been executed and within 30 days of the date of this order, the respondent will provide the Executive Director of KALAP, the KALAP monitor, and the Disciplinary Administrator with a copy of the alcohol and drug evaluation. Further, the respondent will comply with all recommendations contained in the report for treatment, aftercare, meetings, and relapse prevention, as well as recommendations that may arise during the treatment, aftercare, meetings, and relapse prevention. If the respondent fails to comply with the recommendations contained in the report or as may arise during the treatment, aftercare, meetings, or relapse prevention, the respondent will immediately report his lack of compliance to the Disciplinary Administrator. Beginning immediately, the respondent will provide quarterly reports to the Disciplinary Administrator regarding his compliance with the recommendations contained in the report of the alcohol and drug evaluation.

Substance Abuse Monitoring Contract. On March 7, 2011, the respondent entered into a Substance Abuse Monitoring

Contract. Within 14 days of the date of this order, the respondent will execute appropriate releases so that the Executive Director of KALAP, other KALAP staff, and the KALAP monitor may discuss the respondent's compliance with the contract with the Disciplinary Administrator. The respondent will comply with each and every term of the Substance Abuse Monitoring Contract. If the respondent fails to comply with the terms of the Substance Abuse Monitoring Contract, the Executive Director of KALAP, other KALAP staff, and the KALAP monitor will immediately report the respondent's lack of compliance with the Disciplinary Administrator. If the respondent fails to comply with the terms of the Substance Abuse Monitoring Contract, the respondent will immediately report his lack of compliance to the Disciplinary Administrator. Beginning immediately, the KALAP monitor and the respondent will provide quarterly reports to the Disciplinary Administrator including current information regarding the respondent's compliance with each and every term of the Substance Abuse Monitoring Contract.

Federal Probation. At the time the hearing panel issued its final hearing report, the respondent was on federal criminal probation. If the respondent has been discharged from probation, he will immediately provide documentary support of his release from federal criminal probation to the Disciplinary Administrator. If the respondent remains on federal criminal probation, beginning immediately, he will provide the Disciplinary Administrator with quarterly reports regarding his status on federal criminal probation. If the respondent violates the terms and conditions of the federal criminal probation, he will immediately report the violation to the Disciplinary Administrator. In the event the respondent is released from federal probation, he will provide a final report regarding his federal probation, with documentary support of his release from federal probation.

Random Drug Screens. Currently, the Executive Director of KALAP, the KALAP monitor, and the federal probation officer require the respondent to submit to random drug

screens. Within 14 days of the date of this order, the respondent will provide the Disciplinary Administrator with a copy of each and every drug screen test results since September 1, 2009, requested by the federal probation officer, the Executive Director of KALAP, and KALAP monitor. The respondent will comply with any and all requests made by the Director of KALAP, the KALAP monitor, and the federal probation officer. In addition, the Disciplinary Administrator may require the respondent to submit to random drug screens at a drug testing center selected by the Disciplinary Administrator. The respondent will be responsible for all costs associated with the random drug screens. If the Disciplinary Administrator directs the respondent to appear at a specific drug testing center for a random drug screen, he will appear at the drug testing center within 8 hours.

Continued Cooperation. The respondent will continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requests any additional information, the respondent will timely provide such information.

Additional Violations. The respondent will not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event that the respondent violates any of the terms of probation or any of the provisions of the Kansas Rules of Professional Conduct at any time during the probationary period, the respondent will immediately report such violation to the KALAP monitor and the Disciplinary Administrator. The Disciplinary Administrator will take immediate action directing the respondent to show cause why the probation should not be revoked.

IT IS THEREFORE ORDERED that the respondent be reinstated to the practice of law in Kansas conditioned upon his compliance with the annual continuing legal education requirements and upon his payment of all fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission and subject to the terms and conditions of probation as detailed above. When the respondent has complied with the annual contin-

uing legal education requirements and has paid the fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission, the Clerk is directed to enter the respondent's name upon the roster of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that this order of reinstatement of Christopher Y. Meek shall be published in the official Kansas Reports, and the costs herein are assessed to the respondent.

Dated this 7th day of January, 2014.